UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>L'OREAL USA, INC., *et al.*,<br><br>    Defendants. | Case No. 24-cv-06845-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 11, 13 22 |

Plaintiff's motion for remand was scheduled for a hearing on December 6, 2024. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion and remands this case to the Superior Court of Alameda County. Defendants' pending motions to dismiss the complaint are DENIED without prejudice to renewal in the state court.[1]

**BACKGROUND**

On July 18, 2024, plaintiff Cynthia Jones filed a complaint in the Superior Court of Alameda Country against L'Oreal USA, Inc., L'Oreal USA Products, Inc., SoftSheen-Carson, LLC,[2] Soft Sheen*Carson (W.I.), Inc., Strength of Nature, LLC, Godrej SON Holdings, Inc., and Avlon

---

[1] After defendants filed motions to dismiss the complaint, the parties stipulated to stay briefing on those motions to allow the Court to first resolve plaintiff's motion for remand. Dkt. No. 18.

[2] According to the notice of removal, SoftSheen Carson LLC's sole member is L'Oreal USA, Inc. Notice of Removal ¶ 10. The notice of removal also states that Soft*Sheen Carson (W.I.), Inc., which was also named as a defendant, is not an existing corporate entity. *Id.* ¶ 10 n.1. This order refers to L'Oreal USA, Inc., L'Oreal USA Products Inc., and SoftSheen-Carson LLC as "the 'L'Oreal defendants."

1  Industries, Inc. (the "Manufacturing Defendants"), and Safeway, Inc., and The Vons Companies,

2  Inc., (the "Retail Defendants"). Jones alleges that the Manufacturing Defendants manufactured hair

3  relaxer products that contained chemicals that "pose an increased risk of hormone-related cancers

4  and reproductive problems, including the development of uterine fibroids." Compl. ¶ 2 (Dkt. No.

5  1, Ex. A). The complaint identifies a number of specific hair relaxer products that Jones alleges she

6  used, including "Dark and Lovely" made by the L'Oreal defendants, *id.* ¶¶ 18-29; "Just for Me,"

7  "TCB," and "Motions," made by defendants Godrej SON and Strength of Nature, *id*. ¶¶ 31-42; and

8  "Affirm" made by defendant Avlon Industries, Inc. *Id.* ¶¶ 43-54.

9      Jones claims that she used the Manufacturing Defendants' products starting when she was

10  approximately 11 years old until the age of 42, and that she frequently purchased the products at the

11  Retail Defendants' stores in California. *Id.* ¶¶ 56, 65. Jones alleges that she was diagnosed with

12  uterine fibroids in 2005 at the age of 27, and that her fibroid symptoms affected her daily life, forcing

13  her to leave her full-time job in 2009. *Id.* ¶¶ 71-72, 74. After an unsuccessful uterine ablation

14  treatment, Jones underwent a total abdominal hysterectomy in 2011 at the age of 32, and she began

15  menopause at the age of 34. *Id.* ¶¶ 75-76. Jones claims that she has suffered serious and permanent

16  physical and emotional injuries as a direct and proximate cause of defendants' wrongful conduct.

17  The complaint includes seventeen causes of action, including claims for strict liability, breach of

18  express and implied warranties, negligence, fraud, and unlawful business practices.

19      On September 30, 2024, the L'Oreal defendants filed a notice of removal from the Superior

20  Court of Alameda County to the United States District Court for the Northern District of California.

21  The notice of removal states that "L'Oréal USA, Strength of Nature LLC, Godrej SON Holdings,

22  Inc., and Avlon Industries, Inc. have no records of selling the hair relaxer products that Plaintiff

23  alleges she purchased to Safeway or Vons in California," and thus that the Retailer Defendants, both

24  of which have their principal places of business in California, were fraudulently joined. Notice of

25  Removal ¶ 22; *id*. ¶¶ 14-15. The notice of removal asserts that this Court has jurisdiction under 28

26  U.S.C. § 1332(a) because there is complete diversity when the citizenship of the Retailer Defendants

27  is disregarded, and that the procedural requirements for removal are satisfied.

28      On October 30, 2024, Jones moved to remand this case to state court, contending that

United States District Court
Northern District of California

diversity jurisdiction is lacking and that defendants' removal was procedurally defective.

**LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

**DISCUSSION**

Jones contends that removal was improper for three independent reasons: (1) the Retailer Defendants are proper defendants and thus there is no diversity jurisdiction; (2) L'Oreal USA, Inc. is headquartered in both New York and California, and thus diversity is lacking; and (3) removal was improper because the removing defendants failed to join the Retailer Defendants in the removal.

With regard to fraudulent joinder, the Ninth Circuit has instructed that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)). A defendant invoking removal jurisdiction may "present the facts showing the joinder to be fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Food Corps.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "A defendant will be deemed fraudulently joined only if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, plaintiff could not recover against the non-diverse party." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D.

3

Cal. 2003) (internal citation and quotation marks omitted).

In their oppositions to the motion to remand, the L'Oreal defendants and Avlon Industries argue that the complaint is vague and does not identify which hair relaxer products were purchased at Safeway or Vons.[3] These defendants also contend that as a factual matter Jones cannot prove that she purchased the L'Oreal and Avlon hair relaxer products at Safeway or Vons. The L'Oreal defendants have filed a declaration from Noah Yung-Hing, a L'Oreal employee, who states that "L'Oreal USA does not have records of selling the hair relaxer products Plaintiff alleges she purchased to Safeway, Inc. or to the Vons Companies, Inc. for distribution to consumers between 1989 and 2020." Yung-Hing Decl. ¶ 7 (Dkt. No. 24-1). Avlon has submitted the declaration of Dr. Ali Syed, the president of Avlon, who states, *inter alia*, that "Avlon Industries, Inc. has never authorized its Affirm® products to be sold at general consumer retail locations such as Vons or Safeway grocery stores, in any state" and that Avlon "only sells Affirm® products to authorized distributors . . . ." Syed Decl. ¶¶ 4-5 (Dkt. No. 23-1).

In connection with her reply brief, Jones has filed a declaration stating that when she was a child, her mother bought hair relaxer products for her at Safeway and Albertsons from 1989-1998, and that her mother would usually purchase the products "Just for Me" and "TCB"; from 1998-2000, her mother purchased "Motions" and "Affirm" from Safeway and Albertsons; and that when Jones moved back to California in 2010, she purchased "Dark and Lovely" from Safeway in Sacramento. Jones Decl. ¶¶ 2-4 (Dkt. No. 25-1). Jones' reply brief asserts that based upon this evidence, defendants cannot meet their burden to show that Safeway was fraudulently joined as a defendant.

The Court concludes that there is a possibility that Jones has a viable claim against Safeway, and thus that removal based upon diversity of citizenship was improper. "In a product liability action, every supplier in the stream of commerce or chain of distribution, from manufacturer to retailer, is potentially liable." *Edwards v. A.L. Lease & Co.*, 46 Cal. App. 4th 1029, 1033 (1996). Jones' declaration states that she bought specific hair relaxer products manufactured by the

---

[3] The remaining defendants (Strength of Nature LLC, Godrej SON, Safeway Inc., and The Vons Companies, Inc.) have not yet appeared in this case.

1  Manufacturing Defendants from Safeway. On a motion to remand, the Court must resolve disputed
2  facts in Jones' favor. Accordingly, the Court concludes that Safeway was not fraudulently joined,
3  and because Safeway is a citizen of California, this Court lacks diversity jurisdiction.

## CONCLUSION

The Court GRANTS plaintiff's motion for remand and REMANDS this case to the Superior Court for the County of Alameda. The Court DENIES defendants' motions to dismiss the complaint without prejudice to renewal in the state court.

**IT IS SO ORDERED**.

Dated: December 6, 2024

SUSAN ILLSTON
United States District Judge